## EBENEZER HUNT *versus* EDWARD ST. LOE LIVERMORE.

The plaintiff gave a bond to convey to the defendant a parcel of land, which the defendant had agreed to purchase, and the defendant gave a promissory note on demand, not negotiable, for the amount of the agreed consideration, but taking from the plaintiff a receipt stating that if the bargain should be rescinded, the note should be given up, upon the defendant's giving up the bond. The bond, note and receipt bore the same date. *Held*, that these papers constituted one contract; that the contract was valid; and that an action would not lie on the note, without a previous tender of a deed of the land.

ASSUMPSIT on a promissory note from the defendant to the plaintiff, not negotiable, dated February 26, 1823, for 1400 dollars, payable on demand.

At the trial, before *Morton* J., the plaintiff called a witness, who testified that on the 2d of December, 1824, the plaintiff demanded of the defendant payment of the note, or a return of the bond hereafter mentioned ; but that the defendant did not pay the note, nor return the bond, but replied that what is written is written.

The defendant then gave in evidence a bond from the plaintiff, dated February 26, 1823, conditioned that the plaintiff, upon the defendant's paying him the sum of 1400 dollars, should make and execute to the defendant a good and valid warranty deed of certain land which the defendant had agreed to purchase of the plaintiff for the sum mentioned.

The defendant also produced the following receipt, signed by the plaintiff : — " February 26, 1823. Received of E. S. Livermore a note of hand for 1400 dollars, for which I have this day given him a bond for a deed of a certain piece of land ; but provided the bargain is not carried into effect, I am to deliver up said note upon said Livermore's delivering up said bond."

The defendant contended that the plaintiff was not entitled to his action before he had tendered a deed of the estate described in the bond, and that the defendant now had a right to rescind the contract referred to in the bond and receipt, and to return the bond to the plaintiff, which he offered to do    396 in court.    But the judge being of opinion that these facts

Hunt
*v.*
Livermore.

did not amount to a defence against the note, directed the defendant to be called. If the whole Court should be of a different opinion, the default was to be taken off and the plaintiff to become nonsuit.

*Oct. 18th.*

*Livermore* and *Hoar*, for the defendant. The three writings, bearing the same date and relating to the same subject matter, are to be considered as one transaction, and they show a promise by the defendant to pay, provided the condition of the bond is performed. If the bargain was carried into effect, the note was to be given up. The plaintiff therefore should have performed his part of the contract. or at least have tendered a deed of the land as a condition precedent to bringing an action on the note. *Collins* v. *Gibbs*, 2 Burr. 899 ; *Thorpe* v. *Thorpe*, 1 Ld. Raym. 662 ; *S. C.* 1 Salk. 171 ; *Pordage* v. *Cole*, 1 Wms's Saund. 320, note 4.

The note was a *nudum pactum.* No consideration was given for it ; and independent of that objection, it is not recoverable, for when the land was to be conveyed the money was to be paid ; so that whether the bargain for the land should be carried into effect or rescinded, the note was to be given up. It was in fact a nullity.

*Stearns, contrà.* It is manifest, on the face of the papers, that giving the receipt was an after transaction. The payment of the consideration is a condition precedent to giving a deed, but the note is unqualified in its terms, and being on demand, might have been sued immediately.

But if the several writings were one transaction, they do not constitute a defence against the note. If there was a mutual right to rescind, it was not without a limitation as to time, and nearly two years had elapsed before payment of the note was demanded ; which allowed the defendant more than a reasonable time to make his election. *Bothy's case*, 6 Co. 31 ; Pothier on Obligations, *no.* 205.

The opinion of the Court was draw up by

*April term*
*1828.*

PUTNAM J. We think that the note, the receipt and the bond, should be construed as if they were parts of one contract.

397

The plaintiff on his part agreed to convey the and to the

Hunt
*v.*
Livermore.

defendant when he should pay the purchase money, and the defendant agreed to pay the purchase money when the plaintiff should convey the land. As no time for the conveyance or for the payment is mentioned, the law supplies the deficiency, by providing that the contract should be executed in a reasonable time. And an offer to do what the contract required of either party, and a demand and refusal of the other to do what was required by him, would entitle the party so offering to perform, to a remedy upon the contract. It is clear to our minds, that the contract is to be construed as containing dependent stipulations. Neither party intended to trust to the personal security of the other. If Hunt had in a reasonable time offered to give a good deed of the land, and had demanded payment of the money mentioned in the note, and Livermore had refused to accept the deed and to pay according to his engagement, Hunt would have had his remedy at law against Livermore for the purchase money. On the other hand, if Livermore had in a reasonable time offered to pay his note, and had demanded a deed, and Hunt had refused to accept the money and to give the deed simultaneously, Livermore would have had his remedy at law against Hunt for the damages sustained by his not conveying the land according to his agreement.

If the stipulation contained in the receipt of the plaintiff, to deliver up the note upon the defendant's delivering up the bond, " provided the bargain is not carried into effect," were to be construed to give either party an election at his own pleasure to annul the contract, it is evident that the contract could never be carried into effect against him who should please to avoid it. It would in effect have no binding operation. It would not be what the civil law defines, "*juris vinculum quo necessitate adstringimur.*" " It is of the essence of all agreements which consist of promising something, that they should produce an obligation in the party making the promise, to discharge it ; hence it follows, that nothing can be more contradictory to such an obligation, than the entire liberty of the party making the promise, to perform it or not as he may please." Pothier on Oblig. *no*. 47, 48. The case at bar strongly illustrates that position. If it were, that

398

Hunt
v.
Livermore.

either party had the entire liberty of vacating it, the contract would be void for want of obligation. It would stand thus ;— Hunt engages to convey his land to Livermore for 1400 dollars, if Hunt shall please to do so ; and Livermore engages to pay 1400 dollars for the land, if he shall please to do so. We cannot suppose the parties intended to make such a vain bargain. We are satisfied that it was a valid contract, containing dependent stipulations to be performed by each before he could compel a performance by the other. It follows therefore, that the plaintiff was not entitled to the money or price of the land, inasmuch as he neglected to offer to convey the land by a proper deed.[1]

We are all of opinion that the default should be taken off, and that the plaintiff should be nonsuited.

---

[1] See *Willington* v. *West Boylston*, 4 Pick. 103 ; *Stark* v. *Parker*, 2 Pick (2d ed.) 275, n. 1 ; *Couch* v. *Ingersoll*, id. 300, n. 1, and 203, n. 1 ; *Kane* v *Hood*, 13 Pick 281 ; *Manning* v. *Brown*, 1 Fairfield, 49.